GRAND TRUNK RAILWAY CO. *v.* MARSH H. DAVIS.

October Term, 1903.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and STAFFORD, JJ.

Opinion filed January 26, 1904.

*New Trial—Party's Statements in Presence of Jury—His Intent—Presumption.*

The verdict of a jury will be set aside and a new trial granted, when during a recess, after the opening argument, in the trial of a suit for personal injuries, the plaintiff made statements, in the presence and hearing of some of the jurors who were trying the case, which would naturally prejudice the jury against the defendant and induce a verdict for the plaintiff, although it does not appear that such statements did have that effect.

When statements are made by a party to a suit or trial, in the presence and hearing of some of the jurors who are trying the case, which would naturally prejudice the jury in his favor, he will be presumed to have intended such statements to have that effect.

PETITION FOR A NEW TRIAL, brought under V. S. 1662, to the Supreme Court for Essex County at its May Term, 1903, and heard at the October Term, 1903, on testimony taken and filed.

*Dale & Amey* and *R. N. Chamberlin* for the petitioner.

Petitioner need not prove that the verdict was affected by the conduct complained of. *Johnson* v. *Root,* 2 Cliff. 108,

128; Thompson on Trials § 2617; *Hix* v. *Drury*, 5 Pick. 296; *McDaniels* v. *McDaniels*, 40 Vt. 363.

*J. W. Redmond* and *E. A. Cook* for the petitionee.

START, J.   This is a petition for a new trial.   It is alleged, that the petitionee obtained a verdict in his favor at the March Term, 1903, of the Essex County Court; that, during the trial, some of the jurors who were empanelled to try the cause were talked with upon the subject matter of the cause, in a manner favorable to the petitionee; and that the petitionee himself talked to, and in the presence and hearing of, the jurors in a manner calculated to influence them to return a verdict in his favor.   It is found, that, after the opening argument of the petitionee's counsel, a recess was taken, and the petitionee, some of the jurors and others went upon the steps of the court house; that the petitionee, there, and in the presence and hearing of the jurors, commented upon the petitioner's conduct in making him unnecessary expense, and stated that he had subpoenaed about twenty witnesses to show that he was a man of his word; and that it would cost him about twenty dollars, and explained why he was lamer at some times than at others.   He also engaged in conversation with one Cote, whom the petitioner had procured to attend the trial as a witness but had not called as a witness, and charged in that connection that the petitioner's counsel did not dare to put him upon the stand, and stated that he, the petitionee, got hurt, and that Cote knew it.

These remarks may have influenced the jury to return a verdict for the petitionee to recover a larger sum than they would have if the remarks had not been made in their presence and hearing.   The statements were calculated to prejudice the jury against the petitioner, and to thereby disqualify

them for the proper and unbiased discharge of their duties; and the fact that the prejudicial statements were made in the course of a conversation provoked or induced by an outside party does not excuse the petitionee, nor render the statements harmless. The fact that the remarks were made by a party to the cause, and that they were calculated to prejudice the jury against the petitioner and to induce a verdict favorable to the petitionee, is a sufficient reason for setting aside the verdict. Such deliberate statements by a party, claiming to have been injured by reason of the neglect of the other party, in the presence and hearing of the jury, would naturally, and probably did, create in the minds of the jury a prejudice against the petitioner, and affect the verdict returned by them; and the petitionee is presumed to have intended his statements to have such effect. This being the natural and probable consequence of the petitionee's misconduct, and he, presumably, having intended such results, a new trial will be granted, notwithstanding it does not appear that the verdict was in fact affected thereby. The verdict of a jury may be properly set aside and a new trial granted, where, during the trial, conversations were had by a party to the cause, in the presence and hearing of the jury, which were calculated and intended to influence them to return the verdict they did, though it is not shown that the verdict was in fact influenced thereby. *McDaniels* v. *McDaniels,* 40 Vt. 363.

*Verdict set aside, and new trial granted.*